UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KENNETH WILLIAMS #327008,

    Plaintiff,

v.

RICHARD DAVENPORT, *et al.*,

    Defendants.
    _____/

File No. 1:13-CV-444

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the MDOC Defendants' objection to the Magistrate Judge's discovery order. (Dkt. No. 46, Obj.; Dkt. No. 37, Disco. Order.)

This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a). Findings of fact are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts

of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686). Legal conclusions are reviewed *de novo*. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001).

The Case Management Order entered in this case provides that "If any defendant files a summary judgment motion raising *only* failure to exhaust remedies, a period of 45 days will be allowed for plaintiff's discovery, *limited to the exhaustion issue* only." (Dkt. No. 15, CMO ¶ 2(c) (emphasis in original).) Defendant Sivec filed a motion for summary judgment based on failure to exhaust administrative remedies, but Defendant Davenport did not. Plaintiff moved to compel discovery from both Defendants. The Magistrate Judge denied Plaintiff's motion as to Defendant Sivec, but granted Plaintiff's motion as to Defendant Davenport and required Defendant Davenport to respond to Plaintiff's discovery request. (Dkt. No. 37, Disco. Order.)

Defendants object to the order because they contend that it is contrary to the plain language and the intended purpose of the Case Management Order. Defendants contend that if discovery is limited as to one defendant, it must be so limited as to all defendants.

Contrary to Defendants' assertions, the Case Management Order does not clearly state how discovery should proceed in the event that one defendant files an exhaustion motion and the other defendant does not. Moreover, the Case Management Order reserves to the Magistrate Judge the authority to alter its provisions: "IT IS HEREBY ORDERED that,

2

unless otherwise directed by the Court, the following shall govern in this case . . . . ." (Dkt. No. 15, CMO.) The magistrate judges of this district have been granted full authority in all matters of discovery in prisoner civil rights cases. *See* W. D. Mich. LCivR 72.1, 72.2. Given the magistrate judges' primary role in managing pretrial issues, this Court reviews their discovery and case management decisions with great deference.

The Magistrate Judge's decision to allow full discovery to proceed against Defendant Davenport even though it limited discovery as to Defendant Sivec was not a clear error of law nor was it an abuse of the Magistrate Judge's discretion. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objection to the Magistrate Judge's discovery order (Dkt. No. 46) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's discovery order (Dkt. No. 37) is **AFFIRMED**.

Dated: January 9, 2014              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE