UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KENNETH WILLIAMS, #327008, )
a/k/a "Kenneth Terrell Beard Bey ©," )
)
Plaintiff, ) Case No. 1:13-cv-444
)
v. ) Honorable Robert Holmes Bell
)
RICHARD DAVENPORT, et al., ) **REPORT AND RECOMMENDATION**
)
Defendants. )
_____ )

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff named Psychologist Richard Davenport and Betsey Sivec, a social worker, as defendants in this lawsuit.[1] Plaintiff's primary claims are against Davenport, his treating psychologist. He alleges that on two occasions, November 28, 2012 and January 13, 2013, he "blacked out" from an "anxiety/panic attack," took up to 30 pills (Motrin), and had to be transported outside the prison to a hospital. (Compl. ¶¶ 1-3, 10). After each hospital visit, plaintiff was taken back to the Carson City Correctional Facility (DRF) rather than being transferred to an alternative location which he preferred, the self-mutilation prevention unit at the Woodland Correctional Center. (*Id.* at ¶¶ 4-9, 11, 34, 35).

Plaintiff's allegations against defendant Sivec relate to events allegedly occurring at DRF after plaintiff's return to prison from his second trip to the hospital:

---

[1]Plaintiff's claims against all other defendants were dismissed on June 20, 2013. (docket #s 9, 10).

11. After being stabilized [at Carson City Hospital] he was brought back to DRF (prison) and put back into the observation cell.

12. Psych Davenport and Psych Sivic[2] came to see Plaintiff while in the observation cell and Plaintiff told them the events that led to him having a severe panic attack and taking the pills.

13. The next day was a visit by Psych Sivic[.] Plaintiff and Sivic again went over the events that led Plaintiff to taking the pills. Sivic left the room and then came back with Resident Unit Manager Dunnigan. Dunnigan immediately start[ed] trying to cover up these events by looking at Sivic sternly and saying, "You're here writing this stuff down?" Sivic began to look timid and said, "I'm not writing it." Then in the next meetings Sivic start[ed] acting like the events never happened in an attempt to help the staff cover it up.

(Compl. at ¶¶ 11-13).

The matter is before the court on defendant Sivec's motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (docket # 18). Plaintiff has filed his response. (docket #s 26, 27). Plaintiff did indeed fail to exhaust his administrative remedies against Sivec, as his grievances never mentioned her name. But it is unnecessary to reach this affirmative defense, as plaintiff's complaint fails to allege facts sufficient to state a claim on which relief can be granted against defendant Sivec. I recommend that plaintiff's claim against defendant Sivec be dismissed under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

The Eighth Amendment's Cruel and Unusual Punishments Clause protects plaintiff from deliberate indifference to his serious medical needs. *See Santiago v. Ringle*, 734 F.3d 585, 590-91 (6th Cir. 2013). Plaintiff's complaint does not allege that Sivec delayed or refused medical attention for any serious need suffered by plaintiff. Rather, he merely asserts that Sivec stopped writing down plaintiff's account of his drug overdose episode. The Constitution does not guarantee

---

[2]Plaintiff's typographical errors in the reproduction of defendant's last name have been ignored. Defendant's last name is "Sivec."

that a social worker must record a prisoner's account of events surrounding his drug overdose in any particular manner. Plaintiff's vague and conclusory assertions that defendant Sivec somehow "acted like the events never happened" and that she did so "in an attempt to help the staff cover it up" state no plausible constitutional claim. Plaintiff's complaint fails to allege sufficient facts to state a claim against Ms. Sivec. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claim against defendant Sivec be dismissed under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).


Dated: February 24, 2014            /s/ Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).